UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN JOAQUIN GENERAL HOSPITAL, a department of the County of San Joaquin, a political subdivision of the State of California,<br><br>Plaintiff,<br><br>v.<br><br>UNITED HEALTHCARE INSURANCE CO., a Connecticut for-profit corporation,<br><br>Defendant. | No. 2:16-cv-01904-KJM-EFB<br><br>ORDER |

This dispute over insurance payments comes before the court on defendant United Healthcare Insurance Co.'s motion to dismiss. ECF No. 11. Plaintiff San Joaquin General Hospital opposes. The court held a hearing on December 2, 2016, at which Jennifer Jiao appeared for plaintiff, and Edward Stumpp appeared for defendant.

For the reasons stated below, the court DENIES defendant's motion.

I.  BACKGROUND

On January 1, 2014, San Joaquin General Hospital ("the Hospital") began treating patients who had health plans with United Healthcare Insurance Co. ("United Insurance"). Compl. ¶ 7, ECF No. 1-1. At some point in time not specified by the complaint, in response to an

1

inquest by the Hospital, United Insurance informed the Hospital that patients covered by United Insurance's plans were eligible for treatment at the Hospital. *Id.* ¶ 8.  At all relevant times, United Insurance authorized the medical services rendered by the hospital, *id.* ¶ 11, verified the existence of the patients' eligibility for benefits, *id.*, and held itself out as being responsible for paying for the services provided by the Hospital, *id.* ¶ 9.  The Hospital subsequently submitted to United Insurance bills for its services, which United Insurance has refused to pay in full.  *Id.* ¶¶ 13–15.  As a result, the Hospital has suffered damages in excess of $3.7 million.  *Id.* ¶ 15.

On July 5, 2016, the Hospital filed a complaint for damages in the Superior Court of California, County of San Joaquin, claiming: (1) breach of implied in fact contract; (2) *quantum meruit*; and (3) breach of oral contract.  *See id.*  On August 11, 2016, United Insurance removed the case to this court.  ECF No. 1.  On September 20, United Insurance filed the pending motion to dismiss, alleging the Hospital failed to allege elements essential to all three claims.  *See* Def.'s Mot. to Dismiss ("MTD"), ECF No. 11.  The Hospital opposes United Insurance's motion, Pl.'s Opp'n, ECF No. 16, and United Insurance has replied, Def.'s Reply, ECF No. 18.

II.   LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The motion may be granted only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013).  The court assumes these factual allegations are true and draws reasonable inferences from them.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible.  *Iqbal*, 556 U.S. at 678.  In the same vein, conclusory or formulaic recitations of a cause's elements do

not alone suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). Evaluation under Rule 12(b)(6) is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679.

In ruling on a motion to dismiss, the court is not limited by the plaintiff's allegations if the complaint, as here, is accompanied by attached documents. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Such documents become a part of the complaint and may be considered in considering the defendant's motion to dismiss. *Id.*

III.   DISCUSSION

    A.   Claims for Breach of Oral and Implied-in-Fact Contract

Under California law, "the elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). United Insurance challenges only the first element, whether there exists an enforceable contract. *See* Def.'s MTD at 4.

A contract is "an agreement to do or not to do a certain thing," and a contract can only exist if the parties are capable of contracting, they manifest objective consent, the contract has a lawful object, and there is sufficient consideration. Cal. Civ. Code §§ 1549–1550. There is no general requirement that the contract be written, and oral contracts are enforceable. *See* Cal. Civ. Code § 1622; *Simmons v. Ghaderi*, 49 Cal. Rptr. 3d 342, 348 (Cal. Ct. App. 2006), *rev'd on other grounds*, 44 Cal. 4th 570 (2008); *Engleman v. Gen. Acc., Fire & Life Assur. Corp.*, 250 F.2d 202, 204 (9th Cir. 1957). An implied-in-fact contract also is enforceable, and "differs from an express contract only in that the promise is not expressed in language but implied from the promisor's conduct." *Rokos v. Peck*, 182 Cal. App. 3d 604, 614 (1986) (quoting *Stanley v. Columbia Broad. Sys.*, 35 Cal. 2d 653, 674 (1950)).

United Insurance contends the parties did not form a valid contract, either oral or implied-in-fact, because they never agreed on the price of the Hospital's services. Def.'s MTD at 4. Without facts alleging a meeting of the minds on the material issue of price, United Insurance posits, the Hospital has insufficiently pled mutual consent, an essential element in contract formation. *Id.* at 4–6. Mutual consent "cannot exist unless the parties 'agree upon the same thing

in the same sense.'" *Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 208 (2006) (quotation and citations omitted).

> Mutual consent is determined under an objective standard applied to the outward manifestations or expressions of the parties, i.e., the reasonable meaning of their words and acts, and not their unexpressed intentions or understandings.
>
> Where the existence of a contract is at issue and the evidence is conflicting or admits of more than one inference, it is for the trier of fact to determine whether the contract actually existed. But if the material facts are certain or undisputed, the existence of a contract is a question for the court to decide.

*Id.* (citations and quotations omitted).

Additionally, for a contract to be enforceable, the contract terms must be sufficiently definite, as a matter of law, "for the court to ascertain the parties' obligations and to determine whether those obligations have been performed or breached." *Ersa Grae Corp. v. Fluor Corp.*, 1 Cal. App. 4th 613, 623 (1991). "Stated otherwise, the contract will be enforced if it is possible to reach a fair and just result even if, in the process, the court is required to fill in some gaps." *Id.* Therefore, "the omission of an essential term in a contract, such as price, does not vitiate contract formation if the parties otherwise manifested their mutual assent to the agreement and the terms of that agreement are sufficiently definite." *ATACS Corp. v. Trans World Commc'ns, Inc.*, 155 F.3d 659, 667 (3d Cir. 1998) (citations omitted); *accord Goichman v. Rheuban Motors, Inc.*, 682 F.2d 1320, 1325 (9th Cir. 1982); *cf.* Restatement (Second) of Contracts § 204 (1981) ("When the parties to a bargain sufficiently defined to be a contract have not agreed with respect to a term which is essential to a determination of their rights and duties, a term which is reasonable in the circumstances is supplied by the court.").

In this case, the Hospital pled that it contacted United Insurance to verify the patients' eligibility under a United Insurance health plan and obtain authorization for medical services to be provided. Compl. ¶¶ 17, 31. In response, United Insurance confirmed the patients' coverage and authorized their care. *Id.* ¶ 37. These pleadings are sufficiently definite to plead the creation of an oral contract so as to survive a motion to dismiss. Additionally, subsequent to these conversations, the Hospital contends it billed United Insurance for its services, and United

Insurance partially paid for those services.  *Id.* ¶ 18.  United Insurance's partial performance indicates the formation of an implied-in-fact contract sufficient to survive a motion to dismiss.

Accordingly, the court DENIES United Insurance's motion to dismiss the Hospital's claims for breach of oral or implied-in-fact contract.

     B.     *Quantum Meruit*

United Insurance contends the Hospital has not pled facts sufficient to sustain a *quantum meruit* cause of action because the Hospital has neither pled that its services were performed for United Insurance's benefit, nor that United Insurance actually requested the Hospital's services.  Def.'s MTD at 6–8.

"Quantum meruit (or quasi-contract) is an equitable remedy implied by the law under which a plaintiff who has rendered services benefiting the defendant may recover the reasonable value of those services when necessary to prevent unjust enrichment of the defendant."  *In re De Laurentiis Entm't Grp. Inc.*, 963 F.2d 1269, 1272 (9th Cir. 1992) (citations omitted); *accord George v. Double-D Foods, Inc.*, 155 Cal. App. 3d 36, 46–47 (1984).  "Quantum meruit is based not on the intention of the parties, but rather on the provision and receipt of benefits and the injustice that would result to the party providing those benefits absent compensation."  *In re De Laurentiis Entm't Grp. Inc.*, 963 F.2d at 1272.

The elements of a claim based on *quantum meruit* are as follows:  "(1) that the plaintiff performed certain services for the defendant; (2) their reasonable value; (3) that they were rendered at defendant's request; and (4) that they are unpaid."  *Cedars Sinai Med. Ctr. v. Mid-W. Nat. Life Ins. Co.*, 118 F. Supp. 2d 1002, 1013 (C.D. Cal. 2000) (citing *Haggerty v. Warner*, 115 Cal. App. 2d 468, 475 (1953)).  "To recover on a claim for the reasonable value of services under a *quantum meruit* theory, a plaintiff must establish both that [it] was acting pursuant to either an express or implied request for services from the defendant and that the services rendered were intended to and did benefit the defendant."  *Ochs v. PacifiCare of California*, 115 Cal. App. 4th 782, 794 (2004).

In this case, the court may reasonably infer from the Hospital's pleadings that United Insurance implicitly requested the Hospital's services by authorizing them and partially

paying for them. *See Ristau v. Madhvani*, 1991 WL 283666, at *3 (D.D.C. Dec. 20, 1991) (finding partial payment to be evidence that parties entered into an agreement). Also, the Hospital pleads that it rendered services benefitting patients with a United Insurance healthcare policy, which, in turn, benefited United Insurance. Compl. ¶ 25. Although United Insurance argues that it received no benefit, and was in fact harmed by its customers going out-of-network, this argument raises a dispute of fact. It is plausible on its face that the patients received a benefit from the Hospital's services. It is also plausible that because United Insurance would no longer have to pay for the patients to receive the same services elsewhere, United Insurance benefited from the Hospital's services. The Hospital has sufficiently alleged the elements of a claim for *quantum meruit*.

United Insurance also contends the Hospital's *quantum meruit* claim is preempted by the Employee Retirement Income Security Act ("ERISA"). Def.'s MTD at 8. "There are two strands of ERISA preemption: (1) 'express' preemption under ERISA § 514(a), 29 U.S.C. § 1144(a); and (2) preemption due to a 'conflict' with ERISA's exclusive remedial scheme set forth in [ERISA § 502(a),] 29 U.S.C. § 1132(a)." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1081 (9th Cir. 2009) (citation omitted). United Insurance invokes only conflict preemption, arguing the Hospital's claims "arise out of the routine eligibility and authorization process" governed by ERISA. Def.'s MTD at 8–9.

Under § 502(a)'s conflict preemption provision, "a state-law cause of action is completely preempted if (1) an individual, at some point in time, could have brought the claim under ERISA § 502(a)[ ], and (2) where there is no other independent legal duty that is implicated by a defendant's actions." *Fossen v. Blue Cross & Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1107–08 (9th Cir. 2011) (quotation omitted). On the issue of whether ERISA preempts the Hospital's claims in this case, the Ninth Circuit's opinion in *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941 (9th Cir. 2009), is instructive. In *Marin*, a hospital brought state law claims, including claims for *quantum meruit* and breach of implied and oral contract, arising out of an alleged telephone conversation whereby an insurance company agreed to pay 90 percent of a patient's hospital charges. *Id.* at 947. The Ninth Circuit found the hospital's

1  claims were not preempted by ERISA because the hospital alleged it was entitled to relief under
2  the oral contract, not the patient's ERISA plan.  *Id.*  United Insurance attempts to distinguish
3  *Marin* by arguing the insurance company in *Marin*, unlike in this case, agreed to pay a specific
4  amount.  Thus, according to United Insurance, because the Hospital "does not assert this
5  necessary fact anywhere in its pleadings, it does nothing more than seek benefits due the patients
6  under their ERISA governed plan."  Def.'s Reply at 4.  The court disagrees.  As in *Marin*, the
7  claims in this case arise out of a telephone conversation between the parties whereby they
8  allegedly formed an implied or oral contract.  As stated previously, "the omission of an essential
9  term in a contract, such as price, does not vitiate contract formation if the parties otherwise
10 manifested their mutual assent to the agreement and the terms of that agreement are sufficiently
11 definite."  *ATACS Corp.*, 155 F.3d at 667.

The court finds that the Hospital's *quantum meruit* claim is not preempted by ERISA.

IV.    CONCLUSION

For the reasons stated above, United Healthcare Insurance Co.'s motion to dismiss is DENIED, and it shall file an answer within fourteen days.

IT IS SO ORDERED.

DATED:  March 22, 2017.

_____
UNITED STATES DISTRICT JUDGE